## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

| | |
|---|---|
| MS RENTALS, LLC | **COMPLAINT** |
| & | |
| GARNER PROPERTIES & MANAGEMENT, LLC | **JURY DEMAND** |

On behalf of themselves and others
similarly situated.

       Plaintiffs,

                                     Case No.

v.                                        HON:

CITY OF DETROIT

       Defendant.

_____

THE LAW OFFICES OF AARON D. COX, PLLC
Aaron D. Cox (P69346)
Co-Counsel for Plaintiff
23380 Goddard Rd.
Taylor, MI 48180
734-287-3664
Aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.
Mark K. Wasvary (P51575)
Co-Counsel for Plaintiff
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
248-649-5667

_____

### CLASS-ACTION COMPLAINT

1

MS RENTALS, LLC and GARNER PROPERTIES & MANAGEMENT, LLC on behalf of all others similarly situated, by and through the undersigned attorneys from THE LAW OFFICES OF AARON D. COX, PLLC and MARK K. WASVARY, P.C., states for this Complaint as follows:

## I.    NATURE OF THE ACTION

1.      This action is brought on behalf of a class of all persons who own residential real property in the City of Detroit (the "City").

2.      On or about October 20, 2009 the City enacted ordinances §9-1-82 and §9-1-35 related to rental housing located within the City of Detroit (the "Inspection Ordinances").

3.      The Inspection Ordinances make inspections of rental property within the City mandatory on no less than an annual basis.

4.      The Inspection Ordinances mandate the City officials perform these inspections and specifically authorize City officials to enter homes without a warrant "at reasonable times."

5.      The City has also enacted ordinances that regulate the operation of rental housing within the City. Pursuant to these ordinances an owner of investment real estate who wants to rent his property must register the property, obtain a mandatory inspection of the property, complete necessary repairs under the applicable code, and thereafter obtain a certificate of compliance.

2

6.     The Inspection Ordinances apply equally to both residential and commercial real property in the City.

7.     Inspections under these codes and ordinances are performed by individuals trained in these codes and their enforcement (the "Code Official"). The Code Official knows, or should know, the requirements of the Inspection Ordinances and other applicable laws.

8.     An owner of real property who fails to permit the City to inspect their property is denied a certificate of compliance and cannot lawfully rent their property in the City.

9.     An owner of rental property who fails to permit the City to inspect their property is also charged with a blight violation for renting a property without a certificate of compliance as a result of the property not being inspected.

10.     An owner of rental property who fails to permit the City to inspect their property is also subject to having liens placed on their property as a result of the refusal.

11.     Defendant has impeded and threatened to further unconstitutionally impede Plaintiffs', and those similarly situated, right to be free from warrantless searches without cause by maintaining, implementing and enforcing their Inspection Ordinances.

## II. WHAT HAPPENED TO PLAINTIFFS HAPPENS
## TO EVERY OTHER OWNER OF RENTAL PROPERTY IN THE CITY

12.     Plaintiffs incorporate the preceding paragraphs.

13.     The plight of Plaintiffs illustrates the dangers of the system set forth

by the City.

14.     Plaintiff MS RENTALS, LLC ("MS") owns the property commonly

known as 9224 Fielding, Detroit, MI ("Fielding" property).

15.     On or about June 12, 2014 the City of Detroit, pursuant to its

Inspection Ordinances, forcefully gained access to the Fielding property and

inspected same.

16.     At the time of the City's inspection the Fielding property was vacant,

unoccupied, and was not registered with the City of Detroit as a rental property.

17.     The City did not request MS's permission to inspect the Fielding

property.

18.     MS did not know the inspection of the Fielding property was even

taking place, received no notice of an inspection, and did not otherwise authorize

the City to enter its property.

19.     There were no exigent circumstances related to the Fielding property

that would have permitted a warrantless search of same.

20.     As a result of the inspection the City issued MS a ticket for failing to

obtain a certificate of compliance.

4

21.     MS was forced to pay a fine for not having a certificate of compliance.

22.     Plaintiff Garner Properties & Management, LLC ("GPM") is the manager of the property commonly known as 14920 Faust, Detroit, MI ("Faust" property).

23.     GPM had the exclusive right to the use and control of the Faust property during its management.

24.     On or about August 5, 2015 the City pursuant to its Inspection Ordinances, gained access to the Faust property and inspected same.

25.     As a result of the City's August 4, 2015 inspection the City issued GPM a correction report.

26.     GPM subsequently paid for the registration of the Faust property as a rental with the City.

27.     GPM did not request that the City inspect the Faust property thereafter.

28.     On or about September 8, 2015 the City issued GPM tickets for failing to obtain a certificate of compliance.

29.     The sole reason that the City issued the ticket to GPM is that they either were refused access to the Faust property for inspection or that GPM did not permit the City to re-inspect the Faust property.

30.     GPM challenged the ticket for failing to obtain a certificate of compliance and same was dismissed.

31.     In the event GPM, or any other owner of rental property in the City, refuses to permit the City's mandatory inspection they are denied their right to lawfully rent property in the City of Detroit.

32.     It is the policy and custom of the City, pursuant to its Inspection Ordinances, to perform mandatory, warrantless searches of registered rental properties and unregistered real property within the City in violation of the Fourth Amendment of the United States Constitution.

33.     Under these unconstitutional practices the City charges and collects inspection fees of no less than $150.00 per occurrence and registration fees of no less than $200.00 per occurrence.

### III. PARTIES

34.     Plaintiffs incorporate the preceding paragraphs.

35.     Plaintiff MS Rentals, LLC is a Michigan Limited Liability Company whose registered office address is located in the City of Gibraltar, Michigan.

36.     Plaintiff Garner Properties & Management, LLC is a Michigan Limited Liability Company whose registered office address is located in the City of Taylor, Michigan.

37.     Defendant City of Detroit is a municipal corporation located within

6

Wayne County in the State of Michigan.

## IV.    JURISDICTION AND VENUE

38.    Plaintiffs incorporate the preceding paragraphs.

39.    Jurisdiction by this Court over Plaintiff' constitutional claims is proper pursuant to 28 USC § 1343 and 28 USC § 1331.

40.    To the extent necessary, supplemental jurisdiction over any state law claims is proper pursuant to 28 USC § 1367.

41.    Venue is proper in this District pursuant to 28 USC § 1391 because the District is where the Defendants reside, where a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred, and where a substantial part of all properties subject to the action are located.

42.    As additional Class Plaintiff are identified, this District will remain the most convenient venue in which all future cases can be considered and consolidated as necessary.

## V.    CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF DUE PROCESS
*(Forcing Plaintiffs to Forfeit their Constitutional*
*Rights in order to Rent Property)*

43.Plaintiffs incorporate the preceding paragraphs.

44.The Fifth and Fourteenth Amendments to the U.S. Constitution make it unconstitutional to deprive a person of their property without due process of law

and just compensation.

45. Plaintiffs have a protected property interest in renting property and earning income from doing so.

46. Plaintiffs also have a right under the Fourth Amendment against unreasonable searches and seizures and the Amendment only permits searches based on probable cause and the issuance of a warrant.

47. As adopted by Detroit, the Inspection Ordinances authorizes Code Officials mandatory warrantless searches of real property in the City for the purpose of inspection or whenever Code Officials believe the City's Code has been violated. In that regard the Code provides for their right of inspection without setting forth any warrant procedures in violation of the Fourth Amendment and long standing legal precedent (See *Camera v. Municipal Court*).

48. Where an inspection is not performed for any reason, Detroit does not secure a warrant, but instead coerces property managers, homeowners, and tenants into consenting to entry and a search under the threat of civil charges, criminal charges, fines, penalties, liens, demolition, and refusal to issue certificates of compliance.

49. Under the Inspection Ordinances there is no ability for an owner to object to the building official's entry and inspection into the owner's rental property and there is no mechanism in place for a building official to obtain a search warrant if

an owner of rental property were to try to object to such entry.

50. As a result, Plaintiffs, and every other owner of rental property in the City, is deprived of their right against warrantless searches and otherwise must pay inspection fees, fines, and penalties in order to gain compliance or face the unconstitutional alternative of being deprived of their rights.

51. Defendant may not lawfully deny a benefit to anyone who chooses to exercise a constitutional right.

52. Accordingly, the Inspection Ordinances adopted by the City are unconstitutional and unenforceable on their face and their application to Plaintiffs has resulted in numerous violations of their due process rights.

53. As set forth above the City conducted an unconstitutional rental registration and inspection scheme and has wrongfully collected hundreds of thousands of dollars in ill-gotten registration and inspection fees.

## COUNT TWO
## VIOLATION OF FOURTH AMENDMENT
### *(Warrantless Searches)*

54. Plaintiffs incorporate by reference the preceding paragraphs.

55. The Fourth Amendment to the U.S. Constitution prevents the government from conducting unreasonable searches and provides that warrants, based on probable cause, are required before searching a house.

56. The adoption of Inspection Ordinances constitutes the City's express policy

9

and practice of entering rental properties without first satisfying the dictates of the Fourth Amendment and thus, on its face, the Inspection Ordinances is patently unconstitutional and should be struck in its entirety.

57. Alternatively, the City has a policy and practice of punishing Plaintiffs and those similarly situated who fail to permit an inspection of their rental property for any reason by pursuing civil and criminal charges against Plaintiffs and those similarly situated instead of seeking a proper administrative search warrant. As applied, this practice violates the 4th Amendment of the U.S. Constitution.

58. The City's policy and practice is that if an inspection is refused for any reason the owner of the property is threatened with civil and criminal charges for such refusal.

59. Under the guise of the City's unconstitutional inspection requirements the City has collected millions of dollars in unlawful registration and inspection fees.

60. Plaintiff MS has had his right to be free from unreasonable searches and seizures violated and has been harmed as a result.

61. Plaintiff GPM has paid such registration and inspection fees under this unconstitutional ordinance and have been harmed in doing so.

62. Plaintiffs and those similarly situated are denied their constitutional right to the use and income generated from their real property if they fail to permit the City's warrantless searches and as such have been damaged.

10

## COUNT THREE
### ASSUMPSIT

63. Plaintiffs incorporate the preceding paragraphs.

64. The City has been extracting fees and/or penalties from Plaintiffs and those similarly situated by way of denial of procedural due process rights and by conducting the illegal rental registration scheme as set forth above.

65. Pursuant to the City Code, the City may place a lien on a property for failure of the property owner to pay penalties for alleged code violations.

66. Michigan law provides that an assumpsit action may be maintained against a municipality and/or its divisions without regard to government immunity when restitution is being sought for an illegal or inappropriate assessment that is authorized to become a lien on property.

## COUNT FOUR
### MUNICIPAL LIABILITY

67. Plaintiffs incorporate the preceding paragraphs.

68. As set forth herein, the City and its Agents have administered the Inspection Ordinances in ways which cause and result in depriving owners of rental real property in the City of their due process rights and otherwise violates Plaintiffs' constitutional right to free from unlawful searches and seizures.

69. In this regard and as a routine part of their policies and customs, the City deprived Plaintiffs, and thousands of other homeowners in the City, of their rights

11

to a meaningful opportunity to be heard, their constitutional right to due process, and their right to be free from unlawful searches and seizures.

70. The reason the City and their Agents fail in this respect is because they are driven by profit making rather than a legitimate governmental interest in preserving and protecting the safety and welfare of occupants of housing.

71. As a direct result of and due to the driving force behind the City's constitutional violations, Plaintiffs and thousands like them have been forced to pay unlawful fines and fees out of fear of continued levy and possible jail time; Plaintiffs and thousands like them have also been forced to permit unconstitutional inspections in exchange for their ability to exercise their right to operate their business and use and benefit from their property.

## COUNT FIVE
## INJUNCTIVE RELIEF

72. Plaintiffs incorporate the preceding paragraphs.

73. The City continues to mandate warrantless searches under their Inspection Ordinances.

74. The City continues to threaten Plaintiffs, and those similarly situated, with fines, fees, civil and criminal charges, and deprivation of certificates of compliance where these warrantless inspections are not granted for any reason.

75. Unchecked, the City will continue to issue court tickets to Plaintiffs and those similarly situated for failing to comply with the City's unlawful ordinances.

76. Given these circumstance the losses to Plaintiffs and other owners of real property in the City are imminent and as such Plaintiffs request injunctive relief and an order stopping the City from its illegal and unconstitutional practices.

## COUNT SIX
## DECLARATORY RELIEF

77. Plaintiffs incorporate the preceding paragraphs.

78. An actual controversy exists between Plaintiffs and the City of Detroit regarding their administration of the Inspection Ordinances in violation of clearly established constitutional rights.

79. Plaintiffs and others similarly situated are entitled to a declaration of their rights to due process and to be free from warrantless searches and seizures and ask that the Court determine that the City must comply with constitutional requirements.

## COUNT SEVEN
## VIOLATION OF 42 USC 1983

80. Plaintiffs incorporate the preceding paragraphs.

81. Plaintiffs and the class of those similarly situated have a constitutional right to challenge the City's unlawful Inspection Ordinances and the due process violated rights violated therein.

82. As set forth above Defendants then proceeded to prosecute and collect fines and fees from Plaintiffs, and those similarly situated, in violation of their due

process rights.

83. The City has deprived homeowners within its City of property and rights related thereto and is liable to the Plaintiffs and those similarly situated pursuant to 42 USC 1983.

84. As set forth above Defendants have also deprived Plaintiffs and those similarly situated of their right to be free from unconstitutional searches and seizures.

85. Pursuant to 42 USC 1988, in any action or proceeding to enforce Section 1983 the Court, in its discretion, may allow the prevailing party a reasonable attorney fee as part of the costs.

## VII.   CLASS ALLEGATIONS

86. Plaintiffs incorporate the preceding paragraphs.

87. All Plaintiffs and putative class members have suffered and continue to suffer similar harm due to having their property taken by the City without minimum due process. After not receiving adequate notice or a meaningful opportunity to be heard, the Plaintiff and class members are then faced with multiplying levies and/or possible jail time for failure to pay improperly issued fines.

88. All Plaintiffs and putative class members are also subject to the City's unconstitutional Inspection Ordinances are forced to succumb to the City's will for

warrantless searches under the threat of civil and criminal penalties.

89. Class Definition. Plaintiff seeks to certify the following classes

    A) All persons and entities that paid any rental registration or inspection fees to the City of Detroit at any time from 2012 through the date of final judgment under the City's unconstitutional property maintenance code that requires property owners to forfeit their rights to be free from unreasonable searches and seizures; AND

    B) All persons and entities that have been deprived of a certificate of compliance for refusing or otherwise failing to have their property unconstitutionally inspected by the City of Detroit at any time from 2012 through the date of final judgment under the City's unconstitutional property maintenance code that requires property owners to forfeit their rights to be free from unreasonable searches and seizures.

90. Numerosity. The proposed classes are so numerous that joinder of all members is impracticable. While the exact number of class members is not now known, Plaintiffs believe the class number is in excess of 2,500 members. These members may be readily identified from Defendant's own records.

91. Commonality. There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

92. Among the questions of law or fact common to the class are the following:

    a)    Does the City's Inspection Ordinances facially permit unconstitutional warrantless searches?

    d)    Does the City's Inspection Ordinances, as applied, violate the 4th Amendment of the U.S. Constitution?

15

93. <u>Typicality.</u>  The harm suffered by Plaintiffs is typical of the harm suffered by other class members differing only in amount.  Accordingly, the claims of Plaintiffs are the same as those of the other class members.  Resolution of these common questions will determine the liability of the Defendant to Plaintiffs and the class members in general.  Thus, the claims properly form the basis for class treatment in this case.

94. Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant.

95. <u>Adequacy of Representation.</u>  The represented parties will fairly and adequately assert and protect the interest of the class.  Plaintiff has already demonstrated its willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

96. Plaintiffs' co-counsel will also fairly and adequately represent the interest of the class.  Attorney Mark K. Wasvary is well versed in the facts and substantive law underlying the Plaintiff's claims and has previously been certified to represent a class in five other class actions lawsuits brought in this Court and against municipalities. Likewise, The Law Offices of Aaron D. Cox, PLLC is well versed in the facts and substantive law underlying the Plaintiff's claims having two attorneys with more than thirteen combined years of real estate and general

16

litigation experience and who have litigated aspects of the IPMC and due process before the State Courts of Michigan and the Federal District Court for the Eastern District of Michigan and have also been certified to represent a class in two other class action lawsuits brought in this Court and against municipalities.

97. This class action is maintainable under Federal Rule of Civil Procedure 23(b).

98. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

a)  The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b)  The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

99. The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory and monetary relief is appropriate respecting the class as a whole. Specifically, Defendants have and continue to enforce an ordinance that is unconstitutional on its face and as applied due to lack of a procedure to seek a warrant to search a rental property.

100. The questions of law or fact common to class members predominate over any questions affecting only individual members, and as such a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

101. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions in various forums and venues.

102. In view of the complexity and importance of the constitutional issues and expense of the litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

103. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

104. Plaintiffs are not aware of any members of the proposed class that

have filed similar litigation nor are Plaintiffs aware of any pending similar

litigation in which the City is a Defendant.

105.    The class action is the appropriate method for the fair and efficient

adjudication of the controversy.  The legal and factual bases for the Plaintiffs'

claims are the same as for the claims of all class members.  The only difference

between individual claims is the severity of the harm and resulting damages.

Adjudicating this case on a class wide basis will promote substantial judicial

economy by eliminating the likelihood of multiple cases (perhaps thousands)

turning on the same questions of law and fact.  The class action will also provide

the Plaintiff with the only meaningful avenue for relief, due to the economy of

spreading their litigation costs, thereby reducing each individual's expenses over

the class and enabling counsel to pursue the litigation by aggregating the claims.

Further, the class action will save the Defendant the burden of defending multiple

suits in multiple forums.

## IX.    RELIEF REQUESTED

WHEREFORE, on behalf of themselves and others similarly situated,

Plaintiffs requests the following relief:

A.    That this action be determined as proper to be maintained as a class

action pursuant to Federal Rules of Civil Procedure 23(b), together with an order

appointing the named Plaintiffs to represent the class and subclass and certifying

Plaintiffs' counsel to represent the class and subclass;

B.      The injunctive and declaratory relief as applicable and specified in Counts Five and Six;

C.      An award of damages, including all applicable interest, in an amount to be determined at trial;

D.      An award of costs of this suit, including reasonable attorney's fees, as provided by 42 USC § 1988 or on other grounds;

E.      An award of an incentive fee to the named Plaintiffs for having the courage to come forward and challenge the City and the manner in which it administers its unconstitutional ordinances; and/or

F.      Any other relief as necessary to redress the violation of Plaintiffs' rights secured by the Constitution and laws.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims and issues so triable.

Respectfully submitted by:

THE LAW OFFICES OF AARON D. COX, PLLC
Co-Counsel for Plaintiff
23380 Goddard Rd.
Taylor, MI 48180
734-287-3664

/s/ Aaron D. Cox, Esq.
By: Aaron D. Cox (P69346)
aaron@aaroncoxlaw.com

MARK K. WASVARY, P.C.
Co-Counsel for Plaintiff
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667

/s/ Mark K. Wasvary
By: Mark K. Wasvary (P51575)
mark@wasvarylaw.com